IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

COREY HOLTON, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV417-199
 )
ANDREW SAUL, Commissioner of )
Social Security, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Plaintiff Corey Holton's Motion for Attorney's Fees Under the Equal Access to Justice Act. (Doc. 24.) Plaintiff's counsel seeks an award of fees in the amount of $4,543.57 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Id. at 2.) The Government partially objects, arguing that Plaintiff's request for compensation of paralegal tasks is set at the incorrect market rate. (Doc. 25 at 1.)

First, the Court notes that the Government has not opposed Plaintiff's request for fees—rather, the Government argues that Plaintiff's EAJA fees should be reduced by calculating any compensable paralegal time by using a rate of $80 per hour. (Id. at 4.) The Court has carefully considered the motion and finds that Plaintiff meets the requirements for such an award pursuant to the EAJA. See

Jean v. Nelson, 863 F.2d 759, 765 (11th Cir. 1988) (holding that to recover attorney's fees "(1) the litigant opposing the United States must be a prevailing party; (2) the government's position must not have been substantially justified; and (3) there must be no circumstances that make an award against the government unjust").

The Court must now determine whether the $96.88 rate for paralegals, as requested by Plaintiff, is reasonable. Attorneys' fees are calculated under the lodestar formula, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983). Under the "lodestar" analysis, the Court must determine the reasonable hourly rate for the attorneys' services. Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. The fee applicant bears the burden of providing "satisfactory evidence that the requested rate is in line with prevailing market rates" and that "satisfactory evidence at a minimum is more that the affidavit of the attorney performing the work." Id. Satisfactory evidence,

therefore, must address the rates actually billed and paid in similar lawsuits. Id.

The Government has cited numerous cases from district courts in this circuit to demonstrate that a paralegal rate close to or at $100 is unreasonable. (Doc. 25 at 3-4.) In response, Plaintiff cites to cases in this circuit where the district court found a paralegal rate of $100 per hour, or more, to be reasonable. (Doc. 26 at 1-2.)

The Court finds that that the Government's objection has merit and that $75 is a reasonable hourly rate in this market. First, the Court notes that two of the three cases cited by Plaintiff are not social security appeals, nor are they cases that occurred in this district. In Metro Health EMS, Inc. v. Wells Fargo Bank, NA, No. 116CV04481LMMAJB, 2018 WL 3702451, at *2 (N.D. Ga. Apr. 4, 2018), report and recommendation adopted, No. 1:16-CV-4481-LMM-AJB, 2018 WL 3702425 (N.D. Ga. May 1, 2018), the Northern District of Georgia permitted a paralegal hourly rate of $150. However, that case occurred in the Atlanta legal market and involved a breach of contract action. Id. at *1-2. Likewise, Pena v. RDI, LLC, No. 8:17-CV-01404-T-AAS, 2019 WL 3017574, at *1 (M.D. Fla. July 10, 2019), is a Fair Labor Standards Act ("FLSA") case from another location. The Court also notes that the District Court for the Middle District of Florida

noted in its order that Plaintiff's counsel "submitted detailed affidavits in support of this request." Id.

In contrast to these cases, courts in the Southern District of Georgia have specifically found $75 to be a reasonable hourly rate for paralegals in the context of social security appeals. See Jones v. Saul, No. CV 118-010, 2019 WL 4879135, at *2 (S.D. Ga. July 1, 2019), report and recommendation adopted, No. CV 118-010, 2019 WL 4877620 (S.D. Ga. Oct. 2, 2019) (collecting cases). Other courts in this circuit have also found that a rate of, or close to, $75 is a reasonable hourly rate for paralegals in social security appeals. See Zabala v. Comm'r of Soc. Sec., No. 6:17-CV-628-ORL-TBS, 2018 WL 6589837, at *2 (M.D. Fla. Dec. 14, 2018); Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *3 (M.D. Fla. Jan. 13, 2015) (finding a paralegal hourly rate of $60 for work performed in 2014 to be reasonable); Burton v. Berryhill, No. CV 16-00210-N, 2017 WL 4274434, at *4 (S.D. Ala. Sept. 26, 2017) (reducing the requested hourly rate for paralegal time from $100 to $75).

Ultimately, the Court finds that Plaintiff has not supported his request for $96.88 as the hourly paralegal rate with evidence sufficient for this Court to determine that such a rate is, in fact, the market rate for

4

paralegals. Neither affidavit of the paralegals in this case, Deborah Dempsey or Martha Kraeski, state what their customary billing rate is nor does Plaintiff support his motion with opinion evidence from other attorneys or paralegals of similar experience in the community regarding the rate. "A fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates . . . . [And fee counsel must supply] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate.' " Aetna Grp. USA, Inc. v. AIDCO Int'l, Inc., 432 F. App'x 842, 842 (11th Cir. 2011) (quoting Norman, 836 F.2d at 1303) (alteration adopted). The only calculation of how Plaintiff arrived at $96.88 as the paralegal rate is a statement that the paralegal rate is half of the requested hourly rate for attorneys. (Doc. 24, Attach. 1 at 8.) Further, as noted above, Plaintiff provided the Court with only one social security appeal case in which the paralegal rate requested was close to $100 and that case did not occur in this district. Therefore, in light of the other cases from this district and this circuit in which paralegals working on social security appeals are routinely paid less than the requested rate of $96.88, the Court finds that $75 is a reasonable rate for the paralegal work performed in this

case. The Court, therefore, reduces the amount of requested paralegal fees from $2,538.26 to $1,965.00, which is the sum of 26.2 hours multiplied by an hourly rate of $75. In total, the award of EAJA fees is reduced from $4,543.57 to $3,970.31, which is the sum of $2,005.31 plus $1,965.00.

Accordingly, Plaintiff is **AWARDED** $3,970.31 in attorneys' fees. Upon the entry of this order, the Commissioner will determine whether Plaintiff owes a debt to the Government that qualifies under the Treasury Offset Program, 31 U.S.C. §§ 3711, 3716. If Plaintiff owes such a debt, the fee award will be applied towards that debt with any remaining funds remitted to Plaintiff by a check delivered to Plaintiff's counsel. If Plaintiff does not owe such a debt, the Government will accept the assignment of EAJA fees and remit the fees and costs directly to Plaintiff's attorney.

SO ORDERED this 13th day of November 2019.

_____
WILLIAM T. MOORE, JR., JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA